C. W. FLOYD COFFIN, SOLE SURVIVING EXECUTOR OF THE LAST WILL AND TESTAMENT OF HARRIET D. COFFIN, DECEASED, PROSECUTOR-APPELLANT, v. WILLIAM D. KELLY, STATE TAX COMMISSIONER, DEFENDANT-RESPONDENT.

IN THE MATTER OF THE TRANSFER INHERITANCE TAX IN THE ESTATE OF HARRIET D. COFFIN, DECEASED.

Submitted May 25, 1945—Decided September 27, 1945.

For the prosecutor-appellant, *Morrison, Lloyd & Morrison* (*Francis V. D. Lloyd*).

For the defendant-respondent, *Waller D. Van Riper,* Attorney-General, and *William A. Moore.*

PER CURIAM.

The judgment will be affirmed, for the reasons stated in the opinion filed in the court below by Chief Justice Brogan. That opinion appears to adopt the reasoning of the opinion in the Prerogative Court, 133 *N. J. Eq.* 188, as to the effect of the probable continuance of the period of enjoyment under the deeds of trust beyond the normal expectancy of life of the donor. We are left in some doubt as to whether the Vice-Ordinary regarded the creation of a trust to remain effective for a period beyond the probable duration of the life of the donor as creating a legal presumption that the transfer was made in contemplation of death. While the provisions of the trust in that and every other respect were a part of the body of proof from which the court was authorized to, and did, find the fact regarding the donor's intention, the likelihood of continued enjoyment by the beneficiaries of the donor's gifts for a period beyond the normal expectancy of life of the

donor did not as a matter of *law* establish the transactions as transfers made in contemplation of death. It is important to distinguish between purely factual findings and findings that involve the applications of legal presumptions or other forms of legal principles. The practical bearing is that in such matters this court accepts without review a finding of fact made by the Supreme Court where there is evidence to sustain it, *Dommerich* v. *Kelly,* 132 *N. J. L.* 141; but a finding of law, or an application of a legal principle to a finding of fact, is, of course, reviewable by us. We understand that the basis of determination by both the Prerogative Court and the Supreme Court was a strict finding of the facts as such.

*For affirmance*—PARKER, CASE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 11.

*For reversal*—None.